UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ALAN KING,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    *Defendant*. | Civil Action No. 15-1445 (RDM) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Plaintiff Richard Alan King's fifth motion for an extension of time, Dkt. 41, to respond to the Government's motion to dismiss or for summary judgment filed on March 3, 2016, Dkt. 26. King has also moved the Court to modify its minute order of January 26, 2017, in which the Court ordered the government to provide a chart listing how many of the preceding 365 days Plaintiff had been on lockdown. Minute Order, Jan. 26, 2017. The Court will deny both motions.

The Government filed its motion to dismiss or for summary judgment over a year ago, on March 3, 2016. Dkt. 26. The next day, the Court entered an Order advising King of the need to respond to the arguments in the Government's motion, and allowing him until April 15, 2016 to respond to the motion. Dkt. 27. Since that time, the Court has granted King four extensions of time, giving him a total of 326 days—from March 3, 2016, until January 23, 2017—to respond to the Government's motion. *See* Minute Order, Nov. 9, 2016. In his latest motion, King asks the Court to give him an extension of time "until further notice" because, he claims, the facility in

which he is incarcerated is frequently and without warning put on lockdown for indefinite periods, during which time inmates have no access to the prison law library. Dkt. 41 at 2, 3.

      The Court has already granted King four extensions of time. *See* Dkts. 31, 34, 37; Minute Order, Nov. 9, 2016. In his first motion for an extension, filed on April 7, 2016, King requested a 60-day extension because USP-I Coleman, where King is incarcerated, "is frequently on lock-down or semi lock down for long periods of time during which prisoners have no access whatsoever to the inmates law library, law clerks, or legal materials." Dkt. 30 at 2. The Court granted that motion on April 11, 2016, giving King until June 15, 2016 to respond. Dkt. 31. On June 9, 2016, King again moved for a 60-day extension of time, and requested a "sequentially paginated" copy of the Government's motion and supporting exhibits, reflecting the "ordinary markings of a legal document electronically filed." Dkt. 33 at 2. The Court granted that motion on June 13, 2016, giving King until August 15, 2016, to respond, and ordering the Clerk of Court to send King a copy of the Government's motion and supporting exhibits and a printout of the public docket in this case. Dkt. 34. King next sought an extension on August 11, 2016, this time for 90 days, again claiming that the copy of the Government's motion he received "[did] not show the clerk's marking that would identify those documents as filed on the [r]ecord." Dkt. 36 at 1. The Court again granted King's motion, and directed the Clerk of Court to mail the relevant documents to King, "including the CM/ECF header indicating that the motion and its supporting affidavits and exhibits have been filed on the public docket," as well as a printout of the public docket. Dkt. 37 at 2. The Court noted that "[i]t is far from clear why Plaintiff needs a copy with a header in order to respond to the government's motion, and there is no basis to conclude that the CM/ECF header has precluded Plaintiff from drafting his opposition and cross-motion," but nevertheless, "out of an abundance of caution," granted King a 45-day extension, until October

7, 2016, to respond. *Id.* The Court cautioned King, however, that "[n]o further extensions of time . . . will be granted absent a showing of extraordinary circumstances." *Id.* at 3. King filed his fourth extension motion on October 25, 2016. Dkt. 38. In that motion, he complained of "extreme restrictions placed on access to typewriters, copiers, research library and other neccesit[ies] to prepare and send legal pleadings," which he argued "should constitute sufficient exceptional circumstances to warrant one additional 90 day continuance." Dkt. 3 at 17. The Court, again acting out of an abundance of caution, granted King the full 90-day extension, giving him until January 23, 2017, to respond. Minute Order, Nov. 9, 2016. This time, however, the Court cautioned King that "[n]o further extensions w[ould] be granted." *Id.*

In light of King's current motion seeking an extension, which argues that frequent lockdowns have prevented him from responding to the Government's motion, the Court ordered the Government to disclose how many days King had been on lockdown in the year preceding the Court's order. Minute Order, Jan. 26, 2017. As the Government's response reveals, King was on lockdown for 42 days between January 26, 2016, and January 26, 2017. Dkt. 42-1 at 1–2. In the 90 days following the Court's most recent Order granting King an extension on November 9, 2016, King was on one lockdown that ended that day, and one additional lockdown from January 6, 2017, to January 17, 2017. *Id.* at 2. Thus, counting only the most recent extension period, King has had over 75 days to respond—more than five times as much time as this Court's Local Rules ordinarily provide for a response. *See* LCvR 7(b). In aggregate, King had over 280 days when he was not on lockdown between the time the Government filed its motion and the end of the final extension period. Even accepting that the Government's tally did not include occasional lockdowns "for short periods of time, typically an hour up to a few hours," Dkt. 2-1 at 2, King has had more than ample time to respond, and no further extension of

3

time is warranted. Accordingly, King's fifth motion for an extension of time, and his motion to require the Government to disclose further details about his lockdown status, are hereby **DENIED**. King also asks the Court to take judicial notice of what he describes as "repeated violations of Article 5 of the United Nations Universal Declaration of Human Rights," Dkt. 41 at 1, and of what appears to be a letter from King to the United Nations High Commissioner for Human Rights, *id.* at 6. Because King's allegations regarding the Universal Declaration of Human Rights are not relevant to this Freedom of Information Act case, the Court will also **DENY** that motion.

King is advised that the Court intends promptly to resolve the pending motion to dismiss or for summary judgment, and will do so on the basis of whatever papers are then before the Court. *See* Dkt. 27.

      **SO ORDERED**.

                                                  /s/ Randolph D. Moss
                                                RANDOLPH D. MOSS
                                                United States District Judge

Date: March 7, 2017