# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RICHARD KING,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    *Defendant*.

Civil Action No. 15-1445 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard King, proceeding *pro se*, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Department of Justice. On March 28, 2017, the Court granted in part and denied in part the Department's motion for summary judgment. Dkt. 47. King now seeks to revisit the issues decided in that opinion. Months after the final deadline to do so, King filed "part one" of his opposition to the Department's motion, along with a cross-motion for summary judgment. Dkt. 50. He subsequently moved for leave to file "part two" of his opposition and cross-motion out of time and, at the same time, moved for reconsideration of the Court's March 28, 2017 opinion. Dkt. 52. Because King has failed to show good cause for filing out of time and has failed to demonstrate that reconsideration is warranted, the Court will deny King's motion for leave to file out of time and motion for reconsideration.

King had more than ample time to provide the Court with his response to the Department's motion for summary judgment. Having obtained numerous extensions, having received clear notice of his final deadline, and having missed that final deadline by a period of

many weeks, he cannot not now obtain a do-over. As explained in the Court's March 28, 2017 opinion, one issue remains to be adjudicated, and, going forward, King should devote his attention to that remaining issue.

## I. BACKGROUND

King, who has been incarcerated throughout this proceeding, filed this action on September 3, 2015, seeking records relating to his criminal convictions from four Department of Justice components: the Federal Bureau of Investigation ("FBI"), the Office of the Solicitor General ("OSG"), the Drug Enforcement Agency ("DEA"), and the Executive Office for United States Attorneys ("EOUSA"). Dkt. 1 at 2–3 (Compl.). On March 3, 2016, the Department moved to dismiss or, in the alternative, for summary judgment, arguing that each of these components had conducted adequate searches and had released all non-exempt, reasonably segregable records. Dkt. 26 at 1. In light of the fact that King was incarcerated and was proceeding *pro se*, the Court *sua sponte* extended his time to file an opposition by several weeks and ordered that he respond on or before April 15, 2016. *See* Dkt. 27. In that same order, the Court cautioned King of the consequences should he fail to file a timely response. *Id.*

Shortly before his time to respond expired, King filed a motion seeking an additional sixty days to oppose the Department's motion, Dkt. 30, which the Court granted, *see* Minute Order (April 11, 2016). Under the revised schedule, King had until June 15, 2016 to file his opposition. *Id.* Then, shortly before that date, King moved for an additional sixty days to file his opposition. Dkt. 33. The Court, again, granted the relief King requested and extended his time to respond until August 15, 2016. *See* Minute Order (June 13, 2016). Shortly before that deadline, King sought a further extension, this time for ninety days. Dkt. 36. The Court granted in part and denied in part that request, giving King an extension until October 7, 2016, to file his

opposition and cautioning him that "[n]o further extensions of time will be granted absent a showing of extraordinary circumstances." Minute Entry (Aug. 24, 2016). Notwithstanding that admonition, the Court received a letter (dated October 2, 2016) from King on October 25, 2016, arguing that he had been denied sufficient access to the prison library and seeking yet an additional ninety-day extension. Dkt. 38. The Court granted that motion and granted King until January 23, 2017, to file, but noted that 326 days was more than sufficient time to respond to the Department's motion and that the Court would not grant any further extensions. *See* Minute Order (Nov. 9, 2016).

King did not file an opposition or cross-motion on January 23, 2017, but, instead, filed a motion to "toll" his time to respond "until further notice" because, he asserted, the facility in which he was incarcerated was frequently and without warning placed on lockdown for indefinite periods of time, thus depriving him of access to the prison law library. Dkt. 41 at 2–3. In response, the Court ordered the Department of Justice to disclose how many days King had been on lockdown in the preceding year. *See* Minute Order (Jan. 26, 2017). The Department answered that order, explaining that King had been on lockdown for 42 days between January 26, 2016 and January 26, 2017. Dkt. 42-1 at 1–2 (Cowart Decl. ¶ 3). In the ninety days following the Court's order granting King the final ninety-day extension, King was on a two-day lockdown that ended the day of the Court's order, and one additional lockdown from January 6, 2017, to January 17, 2017. *Id.* (Cowart Decl. ¶ 3). Thus, counting only that final extension period, King has had over 75 days to respond—more than five times as much time as this Court's Local Rules ordinarily provide for an opposition. *See* Local Civ. R. 7(b). Moreover, in aggregate, King had over 280 days when he was not on lockdown between the time the Department filed its motion and the end of the final extension period. Even accepting that the

Department's tally did not include occasional lockdowns "for short periods of time, typically an hour up to a few hours," Dkt. 42-1 at 2 (Cowart Decl. ¶ 4), the Court found that King had received more than ample time to respond and thus denied his request for an indefinite extension, Dkt. 46 at 3–4. The Court cautioned King, moreover, that it intended promptly to resolve the Department's long-pending motion to dismiss or, in the alternative, for summary judgment, and that it would do so based on "whatever papers [were] then before the Court." *Id.* at 4.

Three weeks later, on March 28, 2017, the Court issued a Memorandum Opinion and Order granting in part and denying in part the Department's motion for summary judgment. *See* Dkt. 47 at 11. King, by that point, had had more than 300 days to respond. *Id.* at 1. Because he failed to do so, the Court "accept[ed] the Department's factual assertions to the extent they [were] supported by declarations or other competent evidence" and independently assessed "the sufficiency of the Department's legal arguments," as required by the D.C. Circuit's decision in *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016). Dkt. 47 at 4. The Court concluded that the Department was entitled to summary judgment on King's claims with respect to the FBI, OSG, and the DEA. *Id.* at 5–10. The Court denied summary judgment on King's EOUSA claim, however, because the relevant declaration did not indicate whether the agency, in withholding responsive records, had applied the proper test. *Id.* at 10–11. The Court allowed the Department to file a renewed motion for summary judgment on this claim, *id.* at 11, which is due on January 8, 2018, *see* Minute Order (Nov. 7, 2017).

On May 19, 2017, nearly two months after issuing its opinion, the Court received a letter from King dated May 11. Dkt. 50 at 1–4. That letter asserts that five days before the Court ruled on the Department's motion, King sent the Court "part one" of his combined opposition to the

4

Department's motion and cross-motion for summary judgment.[1] *Id.* at 1–2. King surmises that that submission was lost in the mail, and he attributes his delay in completing "part two" of his opposition and cross-motion to prison lockdowns in March, April, and May. *Id.* at 2–3. Although he purported to attach a copy of his "part one" submission to his May 11, 2017 letter, the Court received only the first three pages and the last page. *See* Dkt. 50 at 5–9.

Subsequently, King filed an undated motion[2] for leave to file (1) "part two" of his combined opposition and cross-motion for summary judgment and (2) a motion for reconsideration of the Court's March 28, 2017 Memorandum Opinion and Order. Dkt. 52 at 1–2. King claims that he "was in the home stre[t]ch of [preparing] part two at the end of April," but lockdowns for "almost all of May" derailed his progress. *Id.* at 4. "[I]n an abundance of caution," however, King "mail[ed] what [he had—that is, "part two"] with some of the exhibits to prove [he was] not slacking." *Id.* King attached twenty-six pages of a document captioned "Part Two Of Plaintiff's Opposition . . . And Motion for Reconsideration of [the Court's March 2017 Order] And Plaintiff's Cross[-]Motion For Summary Judgment." *Id.* at 5–30. This document ends with the note, "To be continued," presumably alluding to a forthcoming "part three." *Id.* at 30.

On August 3, 2017, the Court asked the Department to indicate "whether [its] counsel . . . received 'part one' of [King's] opposition" and, if so, the date of receipt. Minute Order (Aug. 3, 2017). The Court also instructed the Department to indicate "the days on which [King] was on lockdown or otherwise precluded from accessing legal and computing resources" since January

---

[1] The Court authorized the Clerk to docket King's letter by noting "Okay to file" on its face. The Court did not, however, rule on the timeliness of the attached motion.

[2] According to the page numbering, the Court is in receipt of the first three pages of King's motion for leave to file as well as page five. *See* Dkt. 52 at 1–4.

5

26, 2017 (the date of the Court's first request for King's lockdown statistics). *Id.* In response, the Department's counsel stated that he had "an original copy of 'part one'" but was "unable to confirm the date of receipt." Dkt. 58 at 1. The Department further reported that, for the eight-month period from January 26 to September 18, 2017 (the day on which the Department responded), King was on lockdown during the following periods: February 10, 2017 through February 21, 2017; April 19, 2017 through April 25, 2017; May 6, 2017 through May 29, 2017; June 22, 2017 through June 26, 2016; and August 8, 2017 through August 14, 2017. Dkt. 58-1 at 1–2 (Horikawa Decl. ¶¶ 3–4, 7). Thus, for the sixty days between January 26, 2017, when King's opposition and cross-motion were due, and March 28, 2017, when the Court issued its Memorandum Opinion and Order, King was on lockdown for only 19 days.

## II. ANALYSIS

King's late submission of "part one" of his combined opposition and cross-motion, subsequent motion for leave to file "part two" of his motion out of time, and motion for reconsideration require that the Court address two issues. First, has King established "good cause" for failing to file his combined opposition and cross-motion in a timely manner? Second, has he shown that reconsideration of the Court's March 28, 2017 Memorandum Opinion and Order is warranted? The Court considers each of these issues in turn.

### A. Motion for Leave to File Out of Time

As an initial matter, there is no doubt that King submitted both "part one" and "part two" of his combined opposition and cross-motion out of time. After providing King 326 days to file his opposition, the Court declined to grant King any further extensions. By his own telling, however, he did not even attempt to mail "part one" to the Court until March 23, 2017—over a

year after the Department filed its motion and approximately two months after the final date the Court set for King to file.

The sole question, accordingly, is whether King has shown "good cause" for missing the deadline. *See* Fed. R. Civ. P. 6(b)(1). He has not. King moved for an indefinite extension of time before his opposition was due, Dkt. 41, and the Court denied that motion for the reasons previously explained, Dkt. 46. King's more recent motion was made well after his deadline to file passed, and it must, accordingly, be assessed under the less generous "excusable neglect" standard. *See* Fed. R. Civ. P. 6(b)(1)(B). Although not subject to precise definition, courts are required to weigh several factors "when determining what kind of neglect will be considered 'excusable.'" *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003). Those factors include "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* Excusable neglect requires that the Court make "an equitable" determination after assessing these and another relevant factors. *Pioneer Inv. Servs. Co. v. Burnswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, the balance tips overwhelmingly against accepting King's late filings. King had more than ample time to file his combined opposition and cross-motion. Indeed, the Court granted King every reasonable benefit of the doubt in setting, and repeatedly extending, the briefing schedule. King had 326 days to file, and, even accounting for the periods of time when he was on lockdown, he had more than 280 days to file. *See* Dkt. 42-1 at 1–2 (Cowart Decl. ¶ 3); Dkt. 46 at 3. He was also repeatedly warned about the consequences of failing to respond in time. King's contention that he mailed his opposition and cross-motion to the Court a few days
7

before the Court issued its March 28, 2017 Memorandum Opinion and Order is of no moment. That assertion, even if accepted, does not change the fact that King was still many weeks late and that his submission was not before the Court when it rendered its decision. Moreover, granting King leave to file now would substantially prejudice the Department, would interfere with the Court's efficient and timely management of this proceeding, and would undermine the sound allocation of scarce judicial resources. Fault lies exclusively with King, and the sole excuse that he offers—that he was on lockdown for extended periods of time—does not withstand scrutiny. The Court has already explained why the lockdowns that occurred before January 26, 2017 did not justify the extension that King sought. *See* Dkt. 46 at 3–4. The same rationale extends to his more recent contentions. In King's May 11, 2017 letter, for example, he blames his tardiness in submitting "part two" on "extended lockdown[s]" in "March and April and . . . May." Dkt. 50 at 3. But according to the Department, King's facility was not locked down at all in March, and it was locked down for just one week in April.[3] Dkt. 58-1 at 2–3 (Horikawa Decl. ¶ 4).

The Court, therefore, concludes that King has failed to carry his burden of showing excusable neglect for his failure to meet the Court's firm January 23, 2017 deadline for filing his opposition. Accordingly, the Court will deny King leave to file "part one" of this combined opposition and cross-motion, Dkt. 50, and, likewise, will deny his motion for leave to file "part two," Dkt. 52 at 1–4.

**B.    Motion for Reconsideration**

This, then, leaves King's motion for reconsideration of the Court's March 28, 2017 Memorandum Opinion and Order. Dkt. 52 at 5–66. Because that opinion "adjudicate[d] fewer

---

[3] Although the institution did go on lockdown for an *extended* period of time in May (from May 6 to May 29, 2017), Dkt. 58-1 at 2–3 (Horikawa Decl. ¶ 4), King could not have known that that would turn out to be the case when he wrote his letter on May 11.

than all the claims" asserted in King's complaint, it is interlocutory in nature. Fed. R. Civ. P. 54(b). Accordingly, King's motion must be "treated as filed under Rule 54(b)." *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015). Rule 54(b) "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 25 (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985)). "Considerations a court may take into account under the 'as justice requires' standard include whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008). Although the judgment whether to reconsider a decision lies within the Court's discretion, considerations of judicial economy and the obligation of the courts "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, require "good reason" before reopening matters once resolved. *In Def. of Animals*, 543 F. Supp. 2d at 76.

For the same reasons discussed above, the Court concludes that King has failed to carry his burden of showing that there is "good reason" to reconsider the Court's March 28, 2017 Memorandum Opinion and Order. King raises various substantive responses to the Department's motion for summary judgment, including challenges to the adequacy of the Department's responses to his FOIA request. He fails to offer any plausible explanation, however, for why he could not have previously raised these contentions. He has not identified any factual development that occurred after the Court issued its decision on the Department's motion, nor has he pointed to any intervening change in the law. As a result, there is no discernible difference between the documents King seeks to file out of time and his motion for

9

reconsideration; they are one and the same, raising identical arguments directed solely to the merits of summary judgment.  In other words, after disregarding the firm deadline set by the Court, King now asks that the Court permit him to file his combined opposition and cross-motion months late under the guise of a motion for reconsideration.  Permitting reconsideration under these circumstances would invite litigants to ignore the schedule set by the Court and to proceed on whatever timeline that happens to suit the litigant.

The Court will, accordingly, deny King's motion for reconsideration.

## CONCLUSION

For the above reasons, it is hereby **ORDERED** that King is **DENIED** leave to file "part one" of his opposition and cross-motion for summary judgment, Dkt. 50; and it is further

**ORDERED** that Plaintiff's motion for leave to file "part two" of his opposition and cross-motion for summary judgment, Dkt. 52 at 1–4, is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for reconsideration, Dkt. 52 at 5–66, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  November 10, 2017