UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD ALAN KING,

 *Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE,

 *Defendant*.

Civil Action No. 15-1445 (RDM)

### MEMORANDUM OPINION

  Plaintiff Richard Alan King, a federal prisoner proceeding pro se, filed this action against the Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He sought records from four components of the Department related to the investigation and prosecution of federal criminal cases against him in Arizona and New York. The Court has previously resolved all but two issues in this long-running case. The only remaining questions are whether the Executive Office for United States Attorneys ("EOUSA") conducted an adequate search for records responsive to King's requests and whether King is entitled to recover his court costs from the government. The Department has filed a renewed motion for summary judgment with respect to those two issues, Dkt. 103, but King failed either to file his cross-motion for summary judgment or to respond to the Department's motion. For the reasons explained below, the Court concludes that EOUSA conducted an adequate search and that King is not entitled to recover his costs. The Court will, accordingly, enter summary judgment in favor of the Department.

1

## I.  BACKGROUND

The Court previously explained the background of this long-running FOIA case in two opinions addressing prior motions for summary judgment from the Department.  *See King v. U.S. Dep't of Just.*, 245 F. Supp. 3d 153 (D.D.C. 2017) ("*King I*"); *King v. U.S. Dep't of Just.*, No. 15-cv-1445, 2018 WL 4567134 (D.D.C. Sept. 23, 2018) ("*King II*").  The Department has now renewed its motion for summary judgment, but, not for the first time in this case, King has failed to respond to the Department's pending motion.  The Court thus accepts the Department's uncontested assertions of fact as true.  *See* Fed. R. Civ. P. 56(e)(2); *see also Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016); Local Civ. R. 7(h)(1).

King originally filed this FOIA action in 2015, seeking records from four components of the Department: the Federal Bureau of Investigation, the Office of the Solicitor General, the Drug Enforcement Agency, and EOUSA.  Dkt. 1.  The Department moved for summary judgment, Dkt. 26, but King failed to respond to that motion or to file his cross-motion, despite receiving numerous extensions of the deadline, *see, e.g.*, Dkt. 34; Dkt. 37; Dkt. 46.  In *King I*, the Court granted summary judgment to the Department with respect to all of the disputed records except those maintained by EOUSA.  245 F. Supp. 3d at 160–163.

Before filing suit, King had submitted multiple FOIA requests to EOUSA.  First, in a letter dated November 10, 2014, he requested "any and all information regarding any written, oral[,] or tacit plea agreement or memorandum of understanding between the United States and" a particular confidential informant.  Dkt. 103-6 at 2 (Ex. A).  As part of this request, King sought "any recordings, jail recording, notes, letters, e-mails, [or] summary of phone conversations" concerning that informant's cooperation.  *Id.* at 3.  In a separate letter, also dated November 10, 2014, King asked for "all information regarding File Title GFC5-08-9122 as shown [circled] in

2

the attached DEA-12 filed in U.S. v. King DC Doc Ent 824-5 June 25, 2012." *Id.* at 4.  EOUSA assigned these two letters, which it treated as a single combined FOIA request, the tracking number 2015-618.  Dkt. 103-7 at 2 (Ex. B).  King then sent a third letter, dated November 27, 2014, seeking "information related to the investigation and prosecution" of King in the Eastern District of New York and the District of Arizona.  Dkt. 103-8 at 2 (Ex. C).  Specifically, he sought "all paper and electronic records involving communications, including but not limited to e-mails, letters, notes, [and] summaries of phone conversations," sent to or from a long list of FBI special agents, Assistant United States Attorneys, and other lawyers, as well as any communications between those same people "and the employees of the Ninth Circuit Court of Appeals."  *Id.* at 2–3.  He also requested "any and all authorizations signed by the Attorney General of the United States, or his Deputy, or Designee giving or denying permission to any United States attorney or [Assistant United States Attorney] to act" in his criminal cases in New York and Arizona.  *Id.* at 3.  EOUSA assigned this FOIA request tracking number 2015-926.  Dkt. 103-9 at 2 (Ex. D).

In support of its first motion for summary judgment, the Department explained that EOUSA had "located King's criminal case file, but withheld it on the basis that it was 'sealed in its entirety.'"  *King I*, 245 F. Supp. 3d at 163 (quoting Dkt. 26-5 at 2 (Luczynski Decl. ¶ 7)).  In *King I*, the Court explained that the bare fact that the records were sealed, without more, was insufficient to demonstrate that EOUSA was entitled to withhold those records under FOIA.  *Id.*  A court order sealing records absolves an agency of the obligation to disclose those records under FIOA only if "'the seal, like an injunction, *prohibits* the agency from disclosing the records.'"  *Id.* (quoting *Morgan v. U.S. Dep't of Just.*, 923 F.2d 195, 197 (D.C. Cir. 1991)).  Here, EOUSA "ha[d] not indicated whether and how the seal precludes the Department from

3

disclosing any or all of the records at issue." *Id.* And, although the Department suggested that at least some of "the relevant materials would be exempt from disclosure even in the absence of the seal," the record was unclear with respect to "whether the Department ha[d] actually reviewed all of the responsive records or ha[d], instead, merely hypothesized that they would likely be exempt." *Id.* The Court thus denied without prejudice the Department's motion for summary judgment as to the records maintained by EOUSA. *Id.*

The Department then renewed its motion for summary judgment. Dkt. 68. The Department conceded that it could not confirm that the disputed records were, in fact, sealed, so the Department "'proceeded to process the materials.'" *King II*, 2018 WL 4567134, at *1 (quoting Dkt. 68-1 at 2). EOUSA had located only twenty-four pages of responsive records and withheld all twenty-four pages as exempt under FOIA. *Id.* (citing Dkt. 68-2 at 2 (Def.'s SUMF ¶¶ 5–6)). But the declarations that the Department submitted in support of its renewed motion provided insufficient detail to carry the Department's burden with respect to either the adequacy of EOUSA's search for records or the applicability of the claimed exemptions. *Id.* at *2–4. The Department's submissions "offer[ed] little more than boilerplate that could be used in virtually any case in which a FOIA requester seeks records from one or more United States Attorneys' Offices." *Id.* at *2. And the Department's generic descriptions left certain key aspects of the case unaddressed. For instance, King's FOIA requests sought emails to and from numerous Assistant United States Attorneys ("AUSAs"), but "the EOUSA declaration sa[id] nothing about searching any active or archived email systems." *Id.* at *3. The Court again denied the Department's motion for summary judgment without prejudice. *Id.* at *4.

Following the Court's decision in *King II*, the Department informed the Court that it had "discovered approximately 20,000 pages of responsive records" and requested additional time to

process those records before filing a third motion for summary judgment.  Dkt. 83 at 1.  On May 8, 2019, EOUSA released 8,818 pages in full and 77 pages in part, while withholding 378 pages in full.  Dkt. 103-5 at 3 (Jolly Decl. ¶ 7).  It took a few months for these records to make their way to King, who had been moved to a different federal correctional institution, *see* Dkt. 86; Dkt. 87, and many months more for the Court to ascertain whether King believed any issues remained in dispute following the Department's release of nearly nine thousand pages, *see* Minute Order (July 1, 2019); Minute Order (Dec. 27, 2019); Minute Order (Mar. 6, 2020).  Eventually, having waited in vain for more than a year for King to identify any remaining issues, the Court ordered King to show cause why final judgment should not be entered.  Minute Order (July 10, 2020).

On August 18, 2020, King responded to the Court's order to show cause.  Dkt. 101.  Based on King's submission, the Court "conclude[d] that certain issues remain in dispute between the parties, including the sufficiency of the search that [EOUSA] conducted in response to the FOIA requests [King] submitted in 2014, and whether [King] is entitled to reimbursement of his costs in pursuing this action."  Minute Order (Aug. 25, 2020).  The Court thus set a schedule for a final round of summary judgment briefing.  *Id.*

The Department filed its renewed motion for summary judgment on October 27, 2020.  Dkt. 103.  King's combined cross-motion for summary judgment and opposition to the Department's motion was due on December 14, 2020.  *See* Dkt. 104 (*Fox*/*Neal* Order).  More than seven months have now passed since that deadline, but King has neither filed his motion nor sought an extension of time to do so.  Especially given that this case has been pending for nearly six years, the Court will proceed to decide the Department's motion for summary judgment without the benefit of King's briefing.

## II.  LEGAL STANDARD

Congress enacted FOIA "to ensure public access to a wide range of government reports and information[,] . . . to pierce the veil of administrative secrecy[,] and to open agency action to the light of public scrutiny." *Bartko v. Dep't of Just.*, 898 F.3d 51, 61 (D.C. Cir. 2018) (quotation marks and citations omitted).  "The basic purpose of FOIA is to ensure an informed citizenry, [which is] vital to the functioning of a democratic society[] [and] needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Simply put, "FOIA protects the basic right of the public 'to be informed about what their government is up to.'" *Hall & Assocs. v. EPA*, 956 F.3d 621, 624 (D.C. Cir. 2020) (quoting *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 827 F.3d 145, 150 (D.C. Cir. 2016)).  FOIA "requires agencies to disclose records upon request," unless those records "fall within one of nine exemptions," which the Court construes narrowly. *Pavement Coatings Tech. Council v. U.S. Geological Surv.*, No. 20-5035, 2021 WL 1823300, at *4 (D.C. Cir. May 7, 2021) (citations omitted).  The agency bears the burden of justifying its withholdings, and the Court reviews an agency's decision to withhold records or portions of records de novo.  5 U.S.C. § 552(a)(4)(B); *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008).

FOIA cases are typically resolved on motions for summary judgment under Federal Rule of Civil Procedure 56.  *Shapiro v. U.S. Dep't of Just.*, 153 F. Supp. 3d 253, 268 (D.D.C. 2016).  To prevail on a summary judgment motion, the moving party must demonstrate that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In a FOIA case, a court deciding a summary judgment motion must "ascertain whether the agency has sustained its burden of

demonstrating that the documents requested are . . . exempt from disclosure." *ACLU v. U.S. Dep't of Just.*, 655 F.3d 1, 5 (D.C. Cir. 2011) (quotation marks and citations omitted). An agency can carry its burden and prevail on a motion for summary judgment by presenting affidavits that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Elec. Frontier Found. v. U.S. Dep't of Just.*, 739 F.3d 1, 7 (D.C. Cir. 2014) (quotation marks and citation omitted). In many cases, an agency may carry its burden by providing a *Vaughn* index that "elucidates, on a document-by-document basis, the rationale for the FOIA exemptions claimed." *Hall & Assocs. v. U.S. Env't Prot. Agency*, No. 18-cv-1749, 2021 WL 1226668, at *3 (D.D.C. Mar. 31, 2021) (citing *Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973)). "The description and explanation the agency offers should reveal as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection." *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996).

### III. ANALYSIS

Although King has failed to respond to the Department's renewed motion for summary judgment, "a motion for summary judgment cannot be 'conceded' for want of opposition." *Winston & Strawn*, 843 F.3d at 505. Under Rule 56, as interpreted by the D.C. Circuit, failure to respond concedes issues of fact—but not issues of law. If the nonmovant fails to respond to a movant's factual submission, the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see also Winston & Strawn*, 843 F.3d at 507. To be sure, when a party "fails to properly address another party's assertion of fact" at the summary judgment stage, Fed. R. Civ. P. 56(e), "[i]n many circumstances," the "preferred first step" is to

afford the nonmoving party "an opportunity to properly support or address the fact," *id.* (Advisory Committee's Note to 2010 Amendment). *See Winston & Strawn*, 843 F.3d at 507. Here, however, the Court provided King with repeated opportunities over a lengthy time period to identify issues, if any, that remained in dispute; set a briefing schedule, *see* Minute Order (Aug. 25, 2020), which King ignored; and issued an order warning King about the risk of failing to respond, Dkt. 104, which he also ignored. Nor is this the first time that King has disregarded the Court's orders and declined to respond to a motion for summary judgment. *See King I*, 245 F. Supp. 3d at 158–59. And more than seven months have passed since King's opposition and cross-motion were due. The Court will, accordingly, accept Defendants' factual declarations as true for purposes of resolving the pending motion.

Questions of law, however, are not so easily conceded. Even when a party fails entirely to respond to a motion for summary judgment, the burden remains on "the movant to demonstrate why summary judgment is warranted," and the district court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Winston & Strawn*, 843 F.3d at 505 (quotation marks and citation omitted). Here, although King did not respond to the Department's motion, the Court still must address the Department's legal arguments on their merits, such that "judgment [may be] granted only after the [Court] satisfies itself that the record and any undisputed material facts justify granting summary judgment." *Id.* at 507.

That said, there is an important distinction, especially in a FOIA case, between matters that remain in dispute despite a party's failure to respond and matters that are not contested at all. The rule that a motion for summary judgment cannot be conceded by a failure to respond "does not mean . . . that the Court must assess the legal sufficiency of each and every exemption

8

invoked by the government in a FOIA case, regardless of whether the requester contests the government's invocation of that exemption." *Shapiro v. U.S. Dep't of Just.*, 239 F. Supp. 3d 100, 106 n.1 (D.D.C. 2017). In many FOIA cases, like this one, searches are conducted, exemptions are claimed, and records are released after the initial filing of the lawsuit. It is not until this process runs its course that the FOIA requester can decide which, if any, aspects of the search or which, if any, of the claimed exemptions he wishes to challenge. Where the FOIA requester does not take issue with the government's decision to withhold specific documents, the Court can reasonably infer that the FOIA requester does not seek those specific records and that there is no case or controversy with respect to those records sufficient to sustain the Court's jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "To the extent the FOIA requester does not seek to compel the release of the withheld information," the Court "need not—and should not—enter summary judgment in favor of the government." *Shapiro*, 239 F. Supp. 3d at 106 n.1. Rather, there is simply no controversy with respect to those issues.

In *King II*, the Court denied summary judgment to the Department with respect to both the adequacy of EOUSA's search and the applicability of the claimed exemptions. *See* 2018 WL 4567134, at *4. Since then, however, the Department has released 8,818 pages in full and 77 pages in part. Dkt. 103-5 at 3 (Jolly Decl. ¶ 7). In his response to the order to show cause, King did not contest any of the Department's withholdings under FOIA's exemptions. Instead, he identified only two issues still to be resolved: whether EOUSA had conducted an adequate search for records and whether King qualifies as a "substantially prevail[ing]" party and is entitled to recovery his court costs under 5 U.S.C. § 552(a)(4)(E)(i). The Court, accordingly, concludes that there is no live dispute between the parties with respect to any withholdings from the EOUSA records, which were released years after the lawsuit was commenced.

The Court thus turns to the two questions that King identified as remaining in dispute, beginning with the adequacy of the search.  "An agency has an obligation under FOIA to conduct an adequate search for responsive records."  *Ewell v. U.S. Dep't of Just.*, 153 F. Supp. 3d 294, 301 (D.D.C. 2016).  The adequacy of an agency's search "is judged by a standard of reasonableness."  *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  That is, the agency must conduct a search that is "reasonably calculated to uncover all relevant documents."  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).  To prevail on summary judgment, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  An agency need not demonstrate, however, that it located every document that the FOIA requester expected the agency to find because "the adequacy of a search is 'determined not by the fruits of the search, but by the appropriateness of [its] methods.'"  *Hodge v. FBI*, 703 F.3d 575, 579 (D.C. Cir. 2013) (alteration in original) (quoting *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)).

In support of its renewed motion for summary judgment, the Department submits three declarations describing EOUSA's search for records.  In the first, Diana Varela, who is an AUSA in the U.S. Attorney's Office for the District of Arizona, explains how the search for records related to King's prosecution in Arizona was conducted.  Dkt. 103-3 at 1 (Varela Decl. ¶¶ 2–5).  In October 2018, EOUSA asked Varela to "search the entire King file again for documents responsive to his FOIA request."  *Id.* at 2 (Varela Decl. ¶¶ 8–9).  To conduct this second search, Varela and fellow AUSA Don Pashayan first retrieved King's entire file, comprising six boxes of

10

records, from the office's archives. *Id.* (Varela Decl. ¶¶ 11–13). They reviewed "every document" in those boxes and made copies of "all potentially responsive records that were not sealed." *Id.* (Varela Decl. ¶¶ 14–15). In light of the Court's decision in *King I* with respect to sealed records, Pashayan filed a motion with the district court in Arizona seeking a list of all sealed filings related to King's prosecution, which the court granted. *Id.* (Varela Decl. ¶¶ 16–17). After reviewing the docket for King's case, Varela and Pashayan filed a second motion "requesting copies of pleadings filed by [the] office that had been filed under seal and any [c]ourt orders filed under seal that were issued in response to [the] office's motions." *Id.* at 3 (Varela Decl. ¶¶ 19–20). The court granted that motion too and provided Varela and Pashayan with the sealed records, which they reviewed (with a slight interruption during the government shutdown in December 2018 and January 2019). *Id.* (Varela Decl. ¶¶ 21–24). Based on that review, Pashayan then filed a third motion with the court, seeking leave to disclose some of the sealed records to both EOUSA and King and others only to EOUSA. *Id.* (Varela Decl. ¶ 25). The court granted that motion as well, and Varela provided the nonexempt records to the Department for release to King. *Id.* (Varela Decl. ¶¶ 26, 28).

In the second declaration, Dorla Henriquez, who is the FOIA "point of contact" at the U.S. Attorney's Office for the Eastern District of New York, details her search for records related to King's prosecution in New York. Dkt. 103-4 at 1 (Henriquez Decl. ¶¶ 1–2). Initially, Henriquez searched for records only for the period from November 2007 to November 2008. *Id.* at 2 (Henriquez Decl. ¶ 7). She found no responsive records, in part because the office's digital email archive did not go back to 2008. *Id.* (Henriquez Decl. ¶¶ 8–9). Later, EOUSA clarified to Henriquez that King actually sought records for the period between November 2007 and November 2014, adding six years to the scope of Henriquez's initial search. *Id.* (Henriquez

11

Decl. ¶ 11). Henriquez then conducted an additional search and located "approximately one thousand pages of potentially responsive documents" in a Redweld folder. *Id.* at 3 (Henriquez Decl. ¶ 12).

In the third declaration, Vinay Jolly, who is an attorney-advisor in the FOIA office of EOUSA, attests that EOUSA reviewed the records gathered in Arizona and New York and then "released all responsive, non-exempt documents" to King. Dkt. 103-5 at 1, 3–4 (Jolly Decl. ¶¶ 1, 8). As noted above, EOUSA released 8,818 pages in full and 77 pages in part, while withholding 378 pages in their entirety. *Id.* at 3 (Jolly Decl. ¶ 7).

Based on the evidence presented in these three declarations, the Court is now satisfied that EOUSA conducted an adequate search—one that was "reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325. Unlike in *King I*, the Department is no longer simply relying on the fact that certain records were filed under seal in the underlying proceedings to justify withholding them in this case. To the contrary, AUSAs in Arizona sought leave to review those sealed materials and then released non-exempt records to King, with permission of the court that had entered the sealing order. And, unlike in *King II*, the declarations submitted in support of the currently pending motion for summary judgment are far from boilerplate, but instead explain in detail exactly where EOUSA looked for responsive records. By carefully examining all documents in King's case files, whether boxes in Arizona or the Redweld in New York, as well as the sealed docket in the Arizona case, EOUSA made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. In his response to the order to show cause, King suggested that the latest search may still be inadequate because he never received any jail recordings or notes, which he had requested. Dkt. 101 at 6.

But, as explained above, the adequacy of a search is judged not by its fruits—and here, the search bore many bankers' boxes full of fruit—but by the appropriateness of its methods. *Hodge*, 703 F.3d at 579. Following the Court's decision in *King II*, EOUSA redoubled its efforts using sound methods, and the Court will, accordingly, grant the Department's motion for summary judgment with respect to the adequacy of EOUSA's search.

The Court next considers whether King is entitled to recover his court costs. "The [C]ourt may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [FOIA] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff has "substantially prevailed" if he obtains relief through either "a judicial order, or an enforceable written agreement or consent decree" or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii). The D.C. Circuit has interpreted this provision as requiring a two-step inquiry. *See Clemente v. Fed. Bureau of Investigation*, 867 F.3d 111, 120 (D.C. Cir. 2017). First, "in order to be 'eligible' for fees, a plaintiff must have 'substantially prevailed' on his FOIA claim." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011) (citation omitted). Second, because the statute says a court "may" assess fees, "the plaintiff must show that he is 'entitled' to fees based on a combination of factors." *Id.* Although, for obvious reasons, a pro se plaintiff cannot recover attorneys' fees, he may, in appropriate circumstances, recover his court costs, including the filing fee. *See Harvey v. Lynch*, 123 F. Supp. 3d 3, 8–9 (D.D.C. 2015).

As an initial matter, King ignored the Court's order setting a schedule for him to file his cross-motion for summary judgment seeking his costs, and there is thus nothing for the Court to adjudicate. But even if the Court were to construe King's response to the order to show cause,

Dkt. 101, as a petition for costs, and even assuming that King substantially prevailed and is thus *eligible* for costs, the Court is unpersuaded that King has shown that he is so *entitled*.  In determining whether to grant an award of fees or costs to a substantially prevailing party under FOIA, the Court considers such factors as "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. C.I.A.*, 550 F.3d 1155, 1159 (D.C. Cir. 2008).  Analyzing these factors requires a district court to make factual findings about the nature of the plaintiff's interest in obtaining the records and the possible public benefit that disclosure of those records might provide.  Here, King has made no factual showing at all, much less the factual showings necessary to demonstrate that these factors tip in his favor.  Indeed, the record as it currently stands suggests that King sought records about his own criminal prosecution purely for his own benefit, and there is no indication that the public had any interest in learning additional details about King's court cases.  Finally, although the litigation has "dragged on for [more than] 5 years," Dkt. 101 at 2, King is responsible for much of that delay, and, in any event, the delay has not increased his costs, which consist principally (if not entirely) of his initial filing fee.[1]

       The Court thus concludes that Plaintiff is not entitled to recover his costs and will grant the Department's motion for summary judgment with respect to those costs.

---

[1] King also asserts that he has incurred "at least $200" in mailing and copying costs, Dkt. 101 at 2, but he has presented no evidence in support of that claim.

**CONCLUSION**

For the foregoing reasons, the Court will **GRANT** the Department's motion for summary judgment, Dkt. 103.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS

Date: August 3, 2021